THOMAS J. DASH and others *v.* MICHAEL H. DOSSON, Curator of the Succession of Hugh B. Johnson.

The testimony of a Probate Judge, in whose office a will should have been deposited, that he had seen the will in his office, but had searched for it in vain, cannot authorize the introduction of parol evidence of its contents, and of its having been proved and ordered to be executed, where the minutes of the Probate Court are not produced, nor alleged to have been mislaid, lost, or destroyed.  Such evidence, though admitted without objection, would be insufficient to establish the will.

APPEAL from the District Court of Catahoula, *Willson*, J.

MARTIN, J.  The plaintiffs are appellants from a judgment rejecting their claim to three slaves in the possession of the defendant, who avers that the slaves were the property of Hugh B. Johnson, who inherited them under the will of Mary Johnson, his wife, and that they are in his, the defendant's, possession, as curator of the estate of the said Hugh B. Johnson.  The plaintiffs are the heirs of Harmon Dash, Jr., who was a brother and the heir of the said Mary Johnson, the owner of the slaves claimed.  The defendant, to establish the title of Hugh B. Johnson, introduced proof of the will of Mary Johnson, and of the proceedings of the Court of Probates, before which he alleged that

it had been proved and ordered to be executed. Parol proof of this was admitted, although the destruction of the will and proceedings was not established. It is true, the Judge of Probates deposed that he had seen the will of Mary Johnson in his office; and that at the request of the defendant, *he had in vain made search for it.* This, indeed, might prove that the will was mislaid or lost, so that it could not be found. This might be equivalent to proof of its destruction, and authorize the admission of proof of its contents; but the minutes of the Court of Probates are all extant, and no part of them is alleged to have been mislaid, lost, or destroyed. If the will was proved, and its execution ordered, an entry of this should have been made on the records of the court, viz., on its minutes. It cannot be assumed, that a court of justice has its proceedings written on loose papers. The Parish Judge has testified that he has closely examined the minutes of his court, and has found no entry of the probate of Mrs. Johnson's will, or of any order for its execution; that he had made a vain search for any paper relating to the will; and that his predecessor kept his office in very bad order.

But a witness has sworn, that " the proceedings of old Dash's estate were found on detached pieces of paper in the Parish Judge's office, and not recorded in any book." We cannot well infer from this, although it may be probable, that the proceedings relating to the probate and order of execution, of Mrs. Johnson's will, were so kept. When a paper or record is lost or destroyed, evidence of its contents must come from a person who has read it. In the present case, there is " parol evidence," that the will was proved and ordered to be executed, but no one testified as to the minutes, or records of the court relating thereto, as having ever read such minutes or records.

The counsel of the defendant and appellee, has laid great stress on the parol evidence having been received without any objections being made, or bill of exceptions taken thereto. We are of opinion that, admitting the evidence to have been legally received, it is insufficient. The same may be said as to the alleged compromise.

It is, therefore, ordered that the judgment be annulled, and that the plaintiffs recover from the defendant, the slaves Patty, Win-

ney, and Judy ; and the record not enabling us to ascertain the value of the services of those slaves, to which the plaintiffs are entitled, it is ordered, that the case be remanded to ascertain the right of the plaintiffs thereto ; the defendants paying the costs in both courts.

*Mayo*, for the appellants.

*Garrett*, for the defendant.*